# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IAN M. RUSSELL, : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. 3:17-2386 |
| v. : | |
| : | (Judge Mannion) |
| STATE OF PENNSYLVANIA, : | |
| *et al.*, | |
| Defendants : | |

## MEMORANDUM

## I. Background

Ian M. Russell, an inmate confined in the Smithfield State Correctional Institution ("SCI-Smithfield"), Huntingdon, Pennsylvania, filed the above-captioned civil rights complaint pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are the State of Pennsylvania, SCI-Smithfield, and the following SCI-Smithfield employees: Superintendent Eric Tice, Deputy Superintendent Rodney Chism, Captain Joe Eichenlamb, Sgt. Abrashoff and Superintendent Assistant Lisa Hollibaugh. Id. Along with the filing of his complaint, Russell submitted an application to proceed *in forma pauperis* under 28 U.S.C. §1915. (Doc. 2).

A court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim,

or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. §1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. §1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted). The Court has conducted an initial screening of Plaintiff's complaint, and for the reasons set forth below, Plaintiff's motion to proceed *in forma pauperis* will be granted for the sole purpose of filing the instant action, and the Plaintiff's complaint will be dismissed as legally frivolous.

## II. **Allegations in Complaint**

Plaintiff states that "in the month of July, 2015, SCI-Smithfield administrative staff executed decisive administrative decisions to experiment on the co-habitation of 'mentally challenged, mentally unstable or special needs'

2

inmates with general population." (Doc. 1). Specifically, Plaintiff claims that he was "made to cellmate [with] Inmate Harden - LP1551, who within one week was taken to RHU - Restrictive Housing Unit, for disruptive behavior." Id. He was then returned to Plaintiff's cell after two days, and "after one day he destroyed [Plaintiff's] television set." Id. Plaintiff "reported the destruction of [his] television set" and "Inmate Harden was again taken to the RHU." Id.

Plaintiff states that he "personally sustained no physical injuries, but was mentally shocked and surprised by the institute's administrative decision to, not once, but twice, place a mentally challenged or mentally unstable inmate in [his] cell." Id. Plaintiff "consider[s] himself extremely lucky that [he] was not attacked and only [his] television received damage." Id.

Plaintiff was provided with a replacement television in 2015. (Doc. 1 at 15, Inmate's Request to Staff Member).

Plaintiff states that on November 14, 2017, "[his] replaced used television just did not turn on" and that he "notified the appropriate department and carbon copied file to all administrative staff previously involved." (Doc. 1). He claims that their response was that "no further administrative relief would be provided." Id.

On November 14, 2017, Plaintiff submitted an Inmate Request to Staff Member, complaining that his television was not working and requesting

3

assistance. (Doc. 1 at 11, Inmate's Request to Staff Member). On November 16, 2017, Plaintiff received the following response:

> You may write an inmate request form to intake to get your tv repaired or you may speak to your Unit Team regarding the television for further direction.

Id.

On December 6, 2017, Plaintiff filed the above captioned action. (Doc. 1). For relief, Plaintiff is "only asking the court to order SCI-Smithfield to replace [his] television with one that [he] can count on to work until [he] is released or refund [his] original purchase, so [he] can purchaser a new tv-set." Id. Plaintiff also seeks to recover "the cost of this complaint under the civil rights act, as well as a one year paid cable subscription." Id.

## III. Discussion

In order to state a viable section 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

4

"To establish liability for deprivation of a constitutional right under §1983, a party must show personal involvement by each defendant." Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to Bivens and §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); see Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

Initially, it is determined that Plaintiff has failed to allege personal involvement of any of the named Defendants. Specifically, he fails to allege that any of the named Defendants were personally involved in any deprivation of his rights under the Constitution or any other law of the United States.

Moreover, to the extent that Plaintiff is alleging a Fourteenth Amendment deprivation of property without due process claim, his claim is not actionable under 42 U.S.C. §1983. See Coulson v. Mooney, 2015 WL 1034632 (M.D. Pa. 2015) (dismissing the complaint on screening because the plaintiff had an adequate post-deprivation remedy to address his claim that his cellmate deliberately destroyed his television and other personal property). The Supreme Court of the United States has held that neither negligent nor intentional deprivations of property violate the Due Process Clause if there is a meaningful post-deprivation remedy for the loss. See Hudson v. Palmer, 468 U.S. 517

(1984); Parratt v. Taylor, 451 U.S. 527, 530 (1981). The Third Circuit Court of Appeals has "held that the prison's grievance program and internal review provide an adequate post-deprivation remedy to satisfy due process." Barr v. Knaueer, 321 Fed. Appx 101, 103 (3d Cir. 2009) (citing Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000). See also Griffin-El v. Beard, 2010 WL 1837813 (E.D. Pa. 2010) (concluding that a "prisoner's 'failure to [properly] avail himself of such remedy does not affect its adequacy as a post-deprivation remedy' "). Additionally, "the failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." Gordon v. Vaughn, 1999 WL 305240 (E.D. Pa. May 12, 1999) (citing Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1995).

Moreover, Plaintiff has another post-deprivation remedy, namely a state conversion action. See Crosby v. Piazza, 2012 WL 641938 (3d. 2012) (holding that to the extent an inmate "is dissatisfied with the outcome of the administrative process, he may still file a state court tort action"); Reavis v. Poska, 2010 WL 2511379 (W.D. Pa. 2010) ("Plaintiff, cannot as a matter of law, make a claim under the Fourteenth Amendment for a deprivation of property without due process" because the DOC's "internal grievance procedure and the availability

of a state tort suit in state court provide adequate post deprivation remedies.");
42 Pa.C.S.A. §8522(a), (b)(3).

Plaintiff admitted that he participated in a meaningful post-deprivation grievance procedure, but that his grievance was denied. (Doc. 1). As discussed, if a meaningful post-deprivation grievance procedure is available, regardless of whether the result of this grievance procedure is favorable to the plaintiff, the plaintiff will not have a claim for a violation of the Due Process Clause of the Fourteenth Amendment. Therefore, in accordance with the aforementioned precedential case law, Plaintiff has failed to not only allege personal involvement of the named Defendants, but has also failed to allege a Fourteenth Amendment violation of the Due Process Clause. As such, it is determined that Plaintiff has failed to establish the existence of a constitutional injury actionable under section 1983, and the complaint will be dismissed.

## IV. Conclusion

In light of the foregoing, the above captioned action, filed pursuant to 42 U.S.C. §1983, will be **DISMISSED**, without prejudice, as legally frivolous under 28 U.S.C. §1915(e)(2)(B)(i), and the case will be **CLOSED**. An appropriate order

will follow.

                                            s/ *Malachy E. Mannion*
                                        **MALACHY E. MANNION**
                                        **United States District Judge**

**Dated: March 5, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2386-01.wpd